NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAMILE MARIA MORENO-SUAREZ;  M. A. E.-M.,  Petitioners,  v.  PAMELA BONDI, Attorney General,  Respondent. | No. 24-3220  Agency Nos.  A241-743-788  A241-743-789  MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Yamile Maria Moreno-Suarez and her minor child, natives and citizens of

Columbia, petition for review of the Board of Immigration Appeals' (BIA)

affirmance of an immigration judge's (IJ) order denying their applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

(CAT). Moreno-Suarez's claims for relief stem from alleged harm she may suffer because of a FARC member's "obsession" with her husband.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When the BIA adopts and affirms the IJ's decision without adding commentary, as happened here, we treat the IJ's decision as that of the BIA. *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). We review factual determinations for substantial evidence and legal determinations de novo. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

1. Moreno-Suarez does not satisfy any of the requirements for asylum. To qualify for asylum, Moreno-Suarez must show (1) a well-founded fear of future persecution, (2) on account of a protected ground, (3) perpetrated by the government or by forces the government cannot or will not control. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).

First, Moreno-Suarez did not suffer past persecution because she never personally experienced physical harm, incarceration, or threats. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) (finding no past persecution where petitioner "suffered no physical harm" or detention). Further, the emotional harm Moreno-Suarez suffered by learning of the difficulties her husband experienced

---

[1] Moreno-Suarez's husband, William Erazo-Ordonez (A 241-743-787), did not join the petition.

before the pair met does not amount to persecution of her. *See Tamang v. Holder*, 598 F.3d 1083, 1092 (9th Cir. 2010) (finding threats against family members when petitioner was not in the country do not count as past harm of petitioner).

Moreno-Suarez also lacks a well-founded fear of future persecution because Moreno-Suarez's husband has parents and four siblings who continue to live in Columbia and report no threats from FARC members. *See id.* ("[P]etitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." (citation omitted)). The fact that Moreno-Suarez also lived in Columbia for seven years, during which time her husband alleges only twice glimpsing his former FARC tormentor, also undermines Moreno-Suarez claim to have a "well-founded fear" of future persecution.

Second, substantial evidence supports the BIA's conclusion that any harm Moreno-Suarez may suffer lacks a nexus with membership in a protected group. Moreno-Suarez claims she faces danger for opposing FARC or, as she says on appeal, opposing gangs in Columbia. But she only alleges one FARC member, who has a longstanding "obsession" with her husband, presents a threat. As the BIA found, these facts reflect a personal dispute between two individuals rather than a threat against Moreno-Suarez on account of her opposition to FARC.

Third, substantial evidence supports the BIA's determination that Moreno-

Suarez and her child would not face persecution by or with the acquiescence of the Columbian government. Moreno-Suarez admits that the Columbian government would not persecute her. Further, the Columbian government regularly prosecutes FARC criminals. The inability of the Columbian government to arrest the person(s) who shot her husband prior to the pair's meeting, therefore, does not show an inability or unwillingness to protect Moreno-Suarez or her child. *Nahrvani*, 399 F.3d at 1154. Hence, substantial evidence supports the BIA's conclusion that Moreno-Suarez does not qualify for asylum.

2. Because Moreno-Suarez lacks a "well-founded fear" of future persecution, she cannot show the more demanding "clear probability" of persecution necessary for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

3. Finally, because Moreno-Suarez could not show a well-founded fear of persecution she also failed to show that, "more likely than not," she would face torture if returned to Columbia. *See Sharma*, 9 F.4th at 1067. Therefore, her CAT claim fails.

**PETITION DENIED.**